UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRETT C. KIMBERLIN,           )
                              )
        Plaintiff,            )
                              )
            v.                )  Civil Action No. 99-1590 (RMU)
                              )  Docket Numbers 27-1, 28-1
ORRIN HATCH, *et al.*,        )
                              )  FILED
        Defendants.           )
                              )  MAR 3 0 2001
                                 NANCY MAYER-WHITTINGTON, CLERK
                                 U.S. DISTRICT COURT

## MEMORANDUM OPINION

**Granting the motions to dismiss of defendants Hatch and Wilson**

Plaintiff filed this case seeking money damages for various alleged violations of federal civil and constitutional law. He named as defendants Senator Orrin Hatch, Mike Hubbard (former investigator for the Senate Judiciary Committee), and James Wilson (now a member of the staff of a House committee). Defendants Hatch and Wilson have filed motions to dismiss the complaint against them which plaintiff has opposed.[1] On review of the pleadings, the motion papers and oppositions, and the applicable law, the motions to dismiss will be granted.

I. The allegations of the complaint

The complaint, in essence, asserts that defendants conspired to injure plaintiff in retaliation for his exercise of his First Amendment rights in writing a book, filing suit against former Department of Justice officials, and helping to elect Bill Clinton. In pursuance of this alleged conspiracy, plaintiff claims, defendants provoked the United States Parole Commission ("USPC") into adding as a condition of plaintiff's parole that he pay a civil judgment obtained by

---

[1] Defendant Hubbard has only recently been served.

the victim of the crime for which he was on parole and also into confiscating his passport.[2] When plaintiff failed to make what the USPC considered sufficient efforts to begin to pay the judgment, the Commission revoked his parole.

Three counts allege a conspiracy to violate plaintiff's First, Fifth, and Eighth Amendment rights in retaliation for plaintiff's exercise of his First Amendment rights. In the fourth claim, plaintiff alleges that the defendants violated the Passport Protection Act, 22 U.S.C. § 2721, by improperly influencing the USPC to confiscate his passport without due process. The fifth claim is an alleged conspiracy to violate the Consumer Credit Protection Act, 15 U.S.C. § 1673, by influencing the USPC to "take" plaintiff's entire salary from the corporation BKE, Inc., resulting in his bankruptcy. The sixth count alleges that plaintiff's privacy rights were violated when the defendants used their political influence to receive information about him from the files of the USPC and the Department of Justice, and to have the USPC reveal that information to private citizens.[3]

I. The motion to dismiss of Defendant Hatch

Defendant Hatch moves to dismiss the complaint against him for lack of jurisdiction (Fed. R. Civ. P. 12(b)(1)) and for failure to state a claim on which relief can be granted (Fed. R. Civ. P. 12(b)(6). He argues that this court lacks jurisdiction over the case first, because plaintiff's claim should be brought in habeas, and second, that the Speech and Debate clause of the

---

[2] Plaintiff refers to this as having him pay a "14-year old corrupt and stale state civil judgment."

[3] Plaintiff has withdrawn a seventh claim alleging violation of the Hatch Act, 5 U.S.C. § 7323.

Constitution renders him absolutely immune from suit for actions taken as in his capacity as a member of the United States Senate.

Defendant first suggests that plaintiff's complaint is actually an attack on the revocation of his parole which must be brought by a petition for habeas corpus, *see Alamo v. Clay*, 137 F.3d 1366 (D.C. Cir. 1998); *Chatman-Bey v. Thornburgh*, 964 F.2d 804 (D.C. Cir. 1988)(en banc), and that plaintiff cannot sue for damages resulting from the revocation until the revocation is overturned, *cf. Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff's claims are related to the revocation of his parole in that he alleges that actions of the defendants prompted the inquiry into his finances which ultimately resulted in revocation of his parole. His parole was revoked, however, because of intervening actions of the USPC and, significantly, because of his own failure to comply with conditions of parole imposed by the USPC. *See Kimberlin v. DeWalt*, 12 F. Supp. 2d 487 (D. Md.), *aff'd*, 166 F.3d 333 (4th Cir. 1998)(table), *cert. denied*, 527 U.S. 1041 (1999). If the acts attributed to the defendants are independently actionable, the validity of the Parole Commission's actions would be irrelevant. The court concludes that this case need not be brought in habeas.[4]

Senator Hatch next asserts that he is absolutely immune from suit for the actions plaintiff alleges. Claims of absolute legislative immunity should be determined at the outset of litigation, because the very purpose of the immunity is to avoid burdening legislators with the need to establish a defense to the action. *See Davis v. Passman*, 442 U.S. 228, 236 n.11 (1979); *Eastland*

---

[4] The principle of *Heck* and *Balisok* prevents plaintiff from using this action to collaterally attack the USPC action revoking his parole, although this appears to be the thrust of the arguments he makes on pages 32 - 35 of his Opposition.

*v. United States Servicemen's Fund*, 421 U.S. 491, 503 (1975).   Article I, Section 6, of the United States Constitution, the Speech and Debate Clause, provides that "for any Speech or Debate in either House, [Senators and Representatives] shall not be questioned in any other Place." This clause confers on members of Congress immunity for all actions "within the 'legislative sphere,' even though their conduct, if performed in other than legislative contexts, would in itself be unconstitutional or otherwise contrary to criminal or civil statutes." *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 415 (D.C. Cir. 1995) (quoting *Doe v. McMillan*, 412 U.S. 306, 312-13 (1973)).

Certainly defendant Hatch cannot be questioned in a civil case about speeches made by him on the floor of the Senate, committee investigations, and other actions taken while in the legislature. *See, e.g., Eastland v. United States Servicemen's Fund, Doe v. McMillan*, 412 U.S. 306 (1973); *Dombrowski v. Eastland*, 387 U.S. 82 (1967). The question becomes whether the acts plaintiff alleges "fall within the 'sphere of legitimate legislative activity.'" *Eastland v. United States Servicemen's Fund,* 421 U.S. at 501, *quoting Doe v. McMillan*, 412 U.S. at 312-13. Clearly, the power to investigate falls within that sphere. *See Eastland v. United States Servicemen's Fund* (holding senators and chief counsel immune from an action to quash a senatorial committee subpoena). Moreover, the "'claim of an unworthy purpose does not destroy the privilege,'" *id.*, 421 U.S. at 508, quoting *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951), not even a claim that the purpose was to infringe First Amendment rights. *Id.*

Plaintiff argues that his complaint alleges actions outside the usual scope of legislative oversight in that the defendants' contacts with the USPC were intended to influence agency action to his detriment, rather than constituting a genuine inquiry to determine whether additional

4

legislation would be appropriate. He cites several cases including *United States v. Brewster*, 408 U.S. 501, 512-13 (1972)(prosecution for bribery); *Hutchinson v. Proxmire*, 443 U.S. 111, 121 n.10 (1979)(newsletters and press releases) and *McSurley v. McClellan*, 553 F.2d 1277, 1287-88 (D.C. Cir. 1976)*(en banc)*.

To establish that the contacts with the USPC were in furtherance of a legislative purpose, Hatch has submitted a Declaration of Michael Stover, General Counsel of the USPC, with whom Hubbard had some of the challenged telephone conversations. Stover has attached copies of three USPC memoranda which he states memorialize the only communications between the Commission and the Judiciary Committee about plaintiff, and which were provided to plaintiff in 1997. Hatch asserts that these documents should be considered by the court in determining "jurisdictional facts" regarding his claim of absolute immunity. Because plaintiff has not objected to these documents,[5] the court will consider the Stover declaration and attachments on the issue of immunity. *See Moyer v. United States*, 190 F.3d 1314 (Fed. Cir. 1999).

The Stover declaration establishes that Hubbard's contacts with the USPC were directed toward a legitimate legislative inquiry into whether existing statutes and rules were adequate to require a parolee to satisfy his civil court obligations, at least those owing to the victim of his crime. That "media reports" about plaintiff's failure to pay the newly final judgment against him were the stimulus that caused the Senate Judiciary Committee to focus on the issue is irrelevant. Hubbard also asked about plaintiff's domestic and international travel, a matter that may or may not have been of immediate concern to the Judiciary Committee's legislative inquiry into the

---

[5] Plaintiff has himself submitted these USPC documents and a substantial number of other documents that relate to the merits of his claims and therefore have not been considered in conjunction with the motions to dismiss that are *sub judice*.

administration of the parole system. Hubbard's legitimate inquiry about plaintiff's failure to pay the judgment is not invalidated because he may also have asked about other aspects of plaintiff's parole.

Accordingly, the court concludes that Defendant Hatch is absolutely immune from suit in this case.

II. The motion to dismiss of Defendant Wilson

Defendant James Wilson has filed a very brief motion to dismiss, citing Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. He adopts the arguments made by defendant Hatch and in addition adds that the First Amendment to the Constitution of the United States requires dismissal of the suit against him.

A motion to dismiss for failure to state a claim may be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *Thomas v. District of Columbia*, 887 F. Supp. 1, 5 n.2 (D.D.C. 1995). For the reasons stated in connection with the motion made by Hatch, the claims made in the complaint are separate from a challenge to the revocation of plaintiff's parole and therefore need not be brought in habeas. Although plaintiff's complaint alleges that Wilson is a member of the staff of a committee of the House of Representatives, in his opposition to the motions to dismiss plaintiff concedes that Wilson is a private citizen. *See* Opposition p. 16, n.1.[6] Wilson therefore would not be entitled to absolute or even qualified immunity.

---

[6] Plaintiff also describes Wilson as a "former Bush DOJ attorney." Opposition p. 6, ¶ 6.

Nevertheless, the complaint against Wilson will be dismissed. Aside from general references to conspiracy, the only references to defendant Wilson are that in September 1996, he wrote an editorial in the *Washington Times*, asserting (allegedly falsely) that through contacts at the White House plaintiff had obtained permission from the USPC to permit him to travel abroad on business and to write a book, and that Wilson "contacted and communicated with Oliver North and appeared on his radio program "to continue his diatribe against" plaintiff and the White House.

Plaintiff has failed to state a claim against Defendant Wilson cognizable by this court. Plaintiff may have an action against Wilson based on local law for what he contends were false statements in the *Washington Times* article.[7] He has not, however, stated a federal constitutional claim against Wilson, a private citizen who according to the complaint apparently was exercising his own First Amendment rights. The vague allegations of conspiracy with Senator Hatch and Mike Hubbard are not sufficient to state an actionable claim, particularly because the only actions the co-defendants are alleged to have taken (communication with the Parole Commission) were also constitutionally protected speech. *See X-Men Security, Inc. v. Pataki*, 196 F.3d 56 (2d Cir. 1999); *cf. Suarez Corp. Indust. v. McGraw*, 202 F.3d 676 (4th Cir. 2000).

Plaintiff's three non-constitutional counts also fail to state a claim. Plaintiff's claim under the Passport Protection Act, 22 U.S.C. § 2721 was resolved against him in *Kimberlin v. Albright*, Civil Action 99-1515 (D.D.C. 2000), *appeal pending*, which held that the Act was not violated when plaintiff's passport was held at the request of the USPC pending resolution of his criminal case. Plaintiff's fifth claim, based on the Consumer Credit Protection Act, 15 U.S.C.

---

[7] Plaintiff asserts only federal question jurisdiction, 28 U.S.C. § 1331.

§1573, will be dismissed because Section 1573 does not provide a private right of action. *McCabe v. City of Eureka*, 664 F.2d 680 (8th Cir. 1981); *Burris v. Mahaney*, 716 F. Supp. 1051 (M.D. Tenn. 1989); *Western v. Hodgson*, 359 F. Supp. 194 (S.D. W.Va. 1973), *aff'd on other grounds*, 494 F.2d 379 (4th Cir. 1974); *Oldham v. Oldham*, 337 F. Supp. 1039 (N.D. Iowa 1972). Plaintiff does not state a claim under the Privacy Act, 5 U.S.C. § 552a, against defendant Wilson because that statute only applies to actions of government agencies.[8]

A corresponding order entered this day accompanies this Memorandum Opinion.

_____
RICARDO M. URBINA
United States District Judge

DATE: March 30, 2001

---

[8] The statutory counts would be dismissed as to Defendant Hatch for the reasons stated and because the Privacy Act, 5 U.S.C. § 552a, does not apply to Congress. 5 U.S.C. § 552(1).