## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BRETT C. KIMBERLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 99-1590 (RMU) |
| | ) | Docket Numbers 61-1, 64-1 |
| ORRIN HATCH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**FILED**

OCT 3 1 2001

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MEMORANDUM OPINION

#### Granting the motions to dismiss of defendant Hubbard

Plaintiff filed this case seeking money damages for various alleged violations of federal civil and constitutional law. He named as defendants Senator Orrin Hatch, Mike Hubbard (former investigator for the Senate Judiciary Committee), and James Wilson (now a member of the staff of a House committee). Motions to dismiss filed by defendants Hatch and Wilson have been granted. [Dkt. No. 57]. Defendant Hubbard has now filed motions to dismiss the complaint against him. On review of the pleadings, the motion papers and Plaintiff's opposition, and the applicable law, the motions to dismiss will be granted.

The complaint was summarized in detail in the Memorandum Opinion granting the motions to dismiss of defendants Hatch and Wilson. Plaintiff asserts various statutory and constitutional claims based on an alleged conspiracy between defendants to injure him in retaliation for his exercise of his First Amendment rights. As a result of this alleged conspiracy, plaintiff claims, the United States Parole Commission ("USPC") added as a condition of plaintiff's parole that he pay a civil judgment obtained by the victim of the crime for which he

79

was on parole and also confiscated his passport.  When plaintiff failed to make what the USPC considered sufficient efforts to begin to pay the judgment, the Commission revoked his parole.

Defendant Hubbard argues that this court lacks jurisdiction over the case first, because plaintiff's claim should be brought in habeas,  and second, because he is entitled to immunity by virtue of the Speech and Debate clause of the Constitution.  He incorporates the arguments made earlier by defendant Hatch.  The court adheres to its previous holding that plaintiff's claims need not be brought by a petition for habeas corpus.  The court agrees, however, that defendant Hubbard is entitled to legislative immunity for the actions he is alleged to have taken.

Plaintiff's claims against Hubbard are based on the same actions as his claims against defendant Hatch.  Indeed, the only contacts with the United States Parole Commission of which plaintiff complains were made by defendant Hubbard, acting on behalf of defendant Hatch.  As the court held previously, the declaration of Michael Stover, General Counsel of the Parole Commission, demonstrates that Hubbard's contacts with him were in furtherance of a legitimate legislative inquiry into the adequacy of existing statutes and rules covering parolees. Accordingly, both the legislator (Senator Hatch) and his staff (defendant Hubbard) are immune from suit based on the contacts of which plaintiff complains.   *See, e.g., Eastland v. United States Servicemen's Fund*, 421 U.S. 491 (1975);   *Doe v. McMillan*, 412 U.S. 306 (1973); *Dombrowski v. Eastland*, 387 U.S.82 (1967).  The staffs of legislators are equally entitled to immunity when acting pursuant to legislative duties. *E.g., Eastland*, 421 U.S. at 501;  *Doe v. McMillan*, 412 U.S. at 317-18;  *Gravel v. United States*, 408 U.S. 606, 620-22 (1972).

Plaintiff's claims are also subject to dismissal because they fail to state a claim on which relief can be granted.  A motion to dismiss for failure to state a claim may be granted when "it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *Thomas v. District of Columbia*, 887 F. Supp. 1, 5 n.2 (D.D.C. 1995).

As to plaintiff's constitutional claims, the court's observation in dismissing the complaint as to defendant Wilson is equally applicable to his claims against Hubbard:

> The vague allegations of conspiracy with Senator Hatch and Mike Hubbard are not sufficient to state an actionable [federal constitutional] claim, particularly because the only actions the co-defendants are alleged to have taken (communication with the Parole Commission) were also constitutionally protected speech. *See X-Men Security, Inc. v. Pataki*, 196 F.3d 56 (2d Cir. 1999); *cf. Suarez Corp. Indust. v. McGraw*, 202 F.3d 676 (4th Cir. 2000).

This court has previously held that the complaint fails to state a claim for violations of the Passport Protection Act, 22 U.S.C. § 2721,[1] the Consumer Credit Protection Act, 15 U.S.C. § 1673, or the Privacy Act, 5 U.S.C. § 552a.[2]

Plaintiff finally argues that his complaint should not be dismissed without allowing him an opportunity to amend, citing the decision in *Razzoli v. Bureau of Prisons*, 230 F.2d 371, 375 (D.C. Cir. 2000). As defendant points out, however, the complaint in *Razzoli* was dismissed by the court *sua sponte*.[3] This case is in a very different posture, the court having the benefit of

---

[1] The dismissal of Plaintiff's complaint against the Secretary of State based on alleged violation of the Passport Protection Act has been affirmed by the Court of Appeals. *Kimberlin v. Albright*, D.C. Cir. No. 00-5366 (February 23, 2001).

[2] Plaintiff earlier withdrew a seventh claim alleging violation of the Hatch Act, 5 U S.C. § 7323.

[3] The Court of Appeals agreed that such a dismissal would be proper if "the claimant could not possibly win relief." *Razzoli*, 230 F.3d at 377.

3

legal memoranda from both defendant *and* plaintiff. *Razzoli* does not require the court to give plaintiff in this case an opportunity to amend his complaint.

A corresponding order entered this day accompanies this Memorandum Opinion.


RICARDO M. URBINA
United States District Judge

DATE: 10-31-01